UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEXSTAR MEDIA INC.,<br><br>                  Plaintiff,<br><br>  - against -<br><br>COMCAST CABLE COMMUNICATIONS, LLC,<br><br>                  Defendant. | Civil Action No. _____<br><br>**NOTICE OF REMOVAL**<br><br>Supreme Court of the State of New York, County of New York, Index No. 654328/2021 |

PLEASE TAKE NOTICE that the above-captioned action is hereby removed from the Supreme Court of the State of New York, in and for the County of New York (the "State Court"), to the United States District Court for the Southern District of New York.

This Court has original jurisdiction over this action under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff Nexstar Media Inc. ("Plaintiff" or "Nexstar") and Defendant Comcast Cable Communications, LLC ("Defendant" or "Comcast"), and the amount in controversy exceeds $75,000, exclusive of interest and costs. Independently, the Court has original jurisdiction over this action under 28 U.S.C. § 1331 because it is clear from the face of Nexstar's pleading that compliance with Federal Communications Commission ("FCC") regulations is an essential element of Nexstar's sole claim; thus, the claim arises under the laws of the United States.

The grounds for removal are set forth in more detail below.

## BACKGROUND

1. On July 13, 2021, Nexstar filed the complaint in the above-referenced action (the "Complaint") in the State Court. The Complaint generally alleges that Defendant Comcast, a leading provider of cable television services in the United States, has breached the parties'

retransmission consent agreement (the "Comcast-Nexstar Agreement") by purportedly refusing to pay monthly subscriber fees to Nexstar for Comcast's carriage and distribution of the New York City-based television station WPIX (CW – New York) ("WPIX").  A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

2. Specifically, Nexstar alleges that Comcast's supposed failure to include WPIX on the list of stations covered by the Comcast-Nexstar Agreement violates the Agreement's so-called "Additional Stations" provision, which, as alleged, reads in pertinent part:

> <u>Additional Stations</u>.  In the event that during the Term hereof, [Nexstar] becomes the licensee, programmer, and/or bona fide manager of (or otherwise obtains an ownership interest in or enters into a contract to provide certain services, including but not limited to shared services, local marketing and/or joint sales agreement(s), with) a television station(s) other than a Station and [Nexstar] is not prohibited from negotiating for retransmission consent on behalf of such station under FCC's Rules (each, an "Additional Station(s)"), such Additional Station(s) shall be added to this Agreement as of the date of consummation of the relationship with such Additional Station(s) and shall be subject to the same terms and conditions as those applicable to the Stations, and any Operator Cable System(s) or MVPD system(s) that retransmits such Additional Station(s)'s Signals(s) shall be added to this Agreement as a System with respect to such Additional Station(s).  Upon the date an Additional Station(s) is added under this Agreement, any other agreement with respect to such Additional Station(s) shall be deemed terminated with respect to such Additional Stations and the System(s) carrying such Additional Station(s)'s Signal(s), notwithstanding anything contained in any such other agreement.

(*See, e.g.*, Ex. A (Complaint) ¶¶ 16-18, 24, 26-27, 36-41.)

3. On July 19, 2021, Plaintiff filed an affidavit of service in the State Court (the "Affidavit of Service"), stating that it had hand-delivered to Comcast's registered agent in Harrisburg, Pennsylvania a summons and copy of the Complaint on July 16, 2021.  A true and correct copy of Plaintiff's Affidavit of Service is attached hereto as **Exhibit B**.

4. On August 4, 2021, Plaintiff filed in the State Court a request for judicial intervention (the "RJI"), including a request for a preliminary conference, as well as an addendum requesting assignment to the State Court's Commercial Division and an affidavit of service on Comcast's above-referenced registered agent. True and correct copies of the RJI, the addendum thereto, and the corresponding affidavit of service are attached hereto as **Exhibit C**, **Exhibit D**, and **Exhibit E**, respectively. On August 9, 2021, the State Court scheduled a preliminary conference for November 30, 2021.

## GROUNDS FOR RELIEF

5. Pursuant to 28 U.S.C. § 1441(a), a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." That includes actions where there is "diversity of citizenship" between the parties, 28 U.S.C. §§ 1332(a), 1441(b), and actions "arising under" the laws of the United States, 28 U.S.C. § 1331.

## JURISDICTION

**I.  Diversity of Citizenship**

6. Pursuant to 28 U.S.C. § 1332(a), the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

7. Plaintiff Nexstar is a corporation organized under the laws of the State of Delaware, with its headquarters and, upon information and belief, its principal place of business in Irving, Texas. (*See* Ex. A (Complaint) ¶ 9.) Under 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated

3

and of the State or foreign state where it has its principal place of business." Plaintiff Nexstar is therefore a citizen of Delaware and Texas for the purposes of Section 1332(a).

8. Defendant Comcast is a limited liability company ("LLC") organized under the laws of the State of Delaware. (Ex. F (Declaration of Derek H. Squire in Support of Defendant's Notice of Removal ("Squire Decl.")) ¶ 3.) Comcast is not a Delaware corporation as the Complaint incorrectly alleges. (*Id.*; Ex. A (Complaint) ¶ 10.) In contrast to a corporation, the citizenship of an LLC for purposes of Section 1332(a) "is determined by the citizenship of each of its members." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 60 (2d Cir. 2016); *see also Bayerische Landesbank, New York Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012) (a defendant LLC "takes the citizenship of each of its members").

9. Defendant Comcast has a single member: Comcast Holdings Corporation. (Ex. F (Squire Decl.) ¶ 3.) Comcast Holdings Corporation is a corporation organized under the laws of the Commonwealth of Pennsylvania, with its principal place of business in Philadelphia, Pennsylvania. (*Id.* ¶ 4.) Comcast Holdings Corporation, in turn, is a direct, wholly-owned subsidiary of Comcast Corporation. (*Id.*) Comcast Corporation is also a corporation organized under the laws of the Commonwealth of Pennsylvania, with its principal place of business in Philadelphia, Pennsylvania. (*Id.* ¶¶ 4-5.) Accordingly, Defendant Comcast is a citizen of Pennsylvania for purposes of Section 1332(a), and complete diversity of citizenship exists as between Plaintiff Nexstar and Defendant Comcast.

10. The Complaint asserts a cause of action for breach of the Comcast-Nexstar Agreement and seeks "over three million dollars" in damages—well in excess of the $75,000

amount-in-controversy threshold set forth Section 1332(a).  (*See* Ex. A (Complaint) ¶ 41, Prayer for Relief); *see also* 28 U.S.C. § 1446(c)(2) ("If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy . . . .").

11. Accordingly, this Court has original jurisdiction over this case under Section 1332 and removal is proper.

**II.**     **Claim Arising Under the Laws of the United States**

12. Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

13. The "arising under" standard includes claims that, while facially grounded in state law, in fact "present significant, disputed issues of federal law."  *NASDAQ OMX Group, Inc. v. UBS Securities, LLC*, 770 F.3d 1010, 1018-19 (2d Cir. 2014) (citing *Gunn v. Minton*, 568 U.S. 251, 257-58 (2013)).  The Second Circuit has found the standard satisfied where a plaintiff alleges that a defendant breached a contractual term that expressly incorporates federal law by reference, the parties fundamentally contest whether a violation of federal law has in fact occurred, and the question implicates significant "aspects of [a] complex federal regulatory scheme."  *Broder v. Cablevision Systems Corp.*, 418 F.3d 187, 195 (2d Cir. 2005); *see also Grable & Sons Metal Products, Inc. & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 314-15 (2005) (federal jurisdiction warranted where "the meaning of the federal statute is . . . an essential element" of the plaintiff's state-law claim, the "meaning of the federal statute is actually in dispute," and that meaning "is an important issue of federal law that sensibly belongs in a federal court").

14. In this case, Nexstar alleges that Comcast has breached the Comcast-Nexstar Agreement by failing to add WPIX thereto, as purportedly required by the Additional Stations provision described above. Nexstar's claim, therefore, expressly turns on whether the terms of the "Additional Stations" provision apply, and Nexstar is only entitled to relief under that provision if it "*is not prohibited from negotiating for retransmission consent on behalf of [WPIX] under FCC's Rules.*" (*See, e.g.*, Ex. A (Complaint ¶¶ 16, 24) (emphasis added).) Thus, compliance with applicable FCC regulations is an "essential element" of Nexstar's breach of contract claim. *Grable*, 545 U.S. at 314-15. Nexstar recognizes as much in the Complaint, affirmatively and repeatedly alleging that "it is allowed to negotiate retransmission consent on behalf of WPIX" under the FCC's rules. (Ex. A (Complaint) ¶¶ 24, 36.)

15. As Comcast has advised Nexstar on multiple occasions, however, Nexstar's claim of authority to include WPIX in the Comcast-Nexstar Agreement runs afoul of multiple important FCC strictures. These include: (i) the FCC's national television station ownership rule, which precludes any party from having a "cognizable interest in television stations which have an aggregate national audience reach exceeding thirty-nine (39) percent") (47 CFR § 73.3555(e)(1)); and (ii) the FCC's order conditioning Nexstar's acquisition of Tribune Media broadcast stations in 2019 on its commitments to divest WPIX and not enter into any post-divestiture service agreements with the station. Indeed, the FCC expressly relied in the latter order on a representation by Nexstar that it would "not be providing ongoing services under sharing agreements . . . to any of the stations that it is divesting"—precisely as Nexstar now purports to do with respect to WPIX. *In the Matter of the Applications of Tribune Media Company (Transferor) and Nexstar Media Group, Inc. (Transferee), et al.*, Memorandum Opinion and Order, 34 FCC Rcd. 8436, 8444 n.65 (2019). The Complaint acknowledges that the

parties dispute Nexstar's legal authority to negotiate retransmission consent on behalf of WPIX and, indeed, that Comcast petitioned the FCC to adjudicate the issue weeks before the Complaint was filed in the State Court.  (*See, e.g.*, Ex. A (Complaint) ¶¶ 24, 30-31.)  This dispute centers on "strict [FCC] ownership rules" that, as the Supreme Court recently explained, are "designed to promote competition, localism, and viewpoint diversity" as part of the FCC's authority to regulate broadcast media in the public interest.  *FCC v. Prometheus Radio Project*, 141 S.Ct. 1150, 1154-55 (2021).  That is precisely the kind of "complex federal regulatory scheme" that implicates sufficiently "'serious federal interest[s]'" to confer original jurisdiction under Section 1331.  *Broder*, 418 F.3d at 195 (quoting *Grable*, 545 U.S. at 313) (affirming denial of motion to remand to state court where claims implicated federal cable television regulations).

## NOTICE AND FILING

16.   This Notice of Removal is timely because Defendant Comcast was served with the Complaint on July 16, 2021 (Ex. B (Affidavit of Service)), and removal must be effectuated "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading."  28 U.S.C. § 1446.  As of the date of this Notice of Removal, no motions in this action and no proceedings other than those referenced above are pending in the State Court, Defendant has not entered an appearance in the State Court, and Defendant's time to respond to the Complaint has not lapsed.

17.   Defendant will promptly give Plaintiff written notice of this Notice of Removal and file a copy of the same with the clerk of the State Court as required by 28 U.S.C. § 1446(d).

## RESERVATION OF RIGHTS AND CERTIFICATION

18.   By filing this Notice of Removal, Defendant does not waive any claim, argument, or defense that may be available to it and does not concede that the Complaint pleads any claim

7

upon which relief may be granted. *See Cantor Fitzgerald, L.P. v. Peaslee*, 88 F.3d 152, 157 n.4 (2d Cir. 1996) ("Removal does not waive any Rule 12(b) defenses."); *Thompson v. United States Dep't of Educ.*, No. 20-CV-693 (AJN), 2021 WL 1199493, at *2 (S.D.N.Y. Mar. 30, 2021) (same). Defendant expressly reserves all rights to assert any such claim, argument, and/or defense.

19. Defendant further reserves the right to submit at an appropriate time and under appropriate confidentiality protections documentation, evidence, affidavits, and/or other factual material to support the foregoing bases for federal jurisdiction, should that become necessary.

20. Defendant reserves the right to supplement and/or amend this Notice of Removal to add other bases for federal jurisdiction that may become apparent as a result of any amended complaint filed by Plaintiff or otherwise.

21. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

\* \* \*

WHEREFORE, Defendant hereby removes this action from the Supreme Court of the State of New York, County of New York, to this Court.

Dated: New York, New York
August 13, 2021

DAVIS POLK & WARDWELL LLP

By: /s/ Dana M. Seshens
Paul Spagnoletti
Dana M. Seshens
Craig J. Bergman
Alexa B. Lutchen

450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
paul.spagnoletti@davispolk.com
dana.seshens@davispolk.com
craig.bergman@davispolk.com
alexa.lutchen@davispolk.com

*Attorneys for Defendant Comcast Cable Communications, LLC*

To:    COVINGTON & BURLING LLP
Mitchell A. Kamin
Mark Chen

1999 Avenue of the Stars, Suite 3500
Los Angeles, California 90067
Telephone: (424) 332-4800
mkamin@cov.com
mychen@cov.com

The New York Times Building
620 Eighth Avenue
New York, New York 10018-1405
Telephone: (212) 841-1000

*Attorneys for Plaintiff Nexstar Media Inc.*

9