**Davis Polk**

Dana M. Seshens
+1 212 450 4855
dana.seshens@davispolk.com
davispolk.com

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017

September 22, 2021

Re: *Nexstar Media Inc., v. Comcast Cable Communications, LLC*, No. 1:21-cv-06860-JGK

**VIA ECF**
The Honorable John G. Koeltl
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

APPLICATION GRANTED
SO ORDERED

John G. Koeltl, U.S.D.J.

9/23/21

Dear Judge Koeltl:

We represent defendant Comcast Cable Communications, LLC ("Comcast") in the above-referenced action. Pursuant to Rule VI.A.2 of Your Honor's Individual Practices, we respectfully submit this letter-motion for permission to redact certain confidential and competitively sensitive information from the publicly filed versions of the following documents, which we are submitting contemporaneously herewith:

(i) Comcast's Motion to Stay or Dismiss the Complaint ("Motion");

(ii) the Declaration of Michael Nissenblatt in support of Comcast's Motion ("Nissenblatt Declaration"); and

(iii) Exhibit 1 to the Nissenblatt Declaration, which is a Petition for Declaratory Ruling that Comcast submitted to the Federal Communications Commission on July 1, 2021, together with the exhibits and attachments thereto ("FCC Petition").

The parties have met and conferred, and Plaintiff Nexstar Media Inc. ("Nexstar") does not oppose Comcast's request. Nexstar itself has requested that Comcast file publicly with its Motion the publicly docketed version of the FCC Petition, which redacts certain of the Petition's text and requires submission of certain of the Petition's exhibits under seal.

By way of background, Nexstar's sole claim in this action is that Comcast breached the parties' retransmission consent agreement (the "Comcast-Nexstar Agreement") by purportedly failing to pay monthly fees to Nexstar for Comcast's carriage of the New York City-based television station WPIX (CW – New York) ("WPIX"). Nexstar alleges that WPIX is an "Additional Station" under the Comcast-Nexstar Agreement for which Comcast is obligated to pay a monthly fee. Comcast disagrees, in great part because, pursuant to the Agreement, WPIX qualifies as an Additional Station only if, among other things, Nexstar is "not prohibited from negotiating for retransmission consent on behalf of [WPIX] under FCC's Rules." (Compl. ¶¶ 16, 24.) It is Comcast's position that Nexstar is so prohibited by FCC regulations and prior orders. Comcast's above-referenced FCC Petition requests that the FCC resolve, among other things, the question of whether Nexstar is prohibited from negotiating retransmission consent on behalf of WPIX, one of the same threshold questions the Court would have to address in this case. Accordingly, the Motion filed herewith requests that the Court stay this action or dismiss it without prejudice pending the FCC's adjudication of the Petition.

The Motion, the Nissenblatt Declaration, and Exhibit 1 thereto reflect or discuss highly proprietary and commercially sensitive broadcast retransmission consent agreement terms, including those of the

**Davis Polk**  Honorable John G. Koeltl

Comcast-Nexstar Agreement, as well as correspondence reflecting negotiations and other information relating to such terms, all of which Comcast maintains as confidential in the ordinary course of business and does not disclose to the public or to competitors. Indeed, the underlying agreements contain strict confidentiality provisions prohibiting Comcast and its contractual counterparties from divulging specific terms absent exceptional circumstances. The information at issue notably includes pricing and other financially and competitively sensitive matters that could be used by competitors or future contracting partners to disadvantage the instant parties if publicized.

"Courts in this District [] routinely seal documents to prevent the disclosure of confidential business information," such as that contained in the Motion, the Nissenblatt Declaration, and Exhibit 1 thereto. *News Corp. v. CB Neptune Holdings, LLC*, 21-cv-04610, 2021 WL 3409663, at *2 (S.D.N.Y. Aug. 4, 2021); *see also Gomez v. Resurgent Cap. Servs., LP*, 129 F. Supp. 3d 147, 159 (S.D.N.Y. 2015) (granting protective order for commercial agreements that identified the parties' fee arrangement and included other provisions whose disclosure could harm defendants' business). Comcast respectfully submits that redactions (and in some instances sealing) are warranted here to shield the sensitive, non-public, and proprietary terms of the Comcast-Nexstar Agreement, including from third-party industry participants with which Comcast (or Nexstar) might compete or negotiate going forward. *See Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*, No. 07-cv-2014, 2008 WL 199537, at *8 (S.D.N.Y. Jan. 22, 2008) (recognizing that "[t]he interest in protecting business information that might harm a litigant's competitive standing has, at a minimum, been recognized by the Supreme Court as potentially sufficient to defeat the common law presumption [of access]" and granting protective order for documents that, if disclosed, could cause "significant competitive disadvantage") (internal citation and quotation marks omitted).

Redactions also are appropriate here to protect "sensitive business information" reflected in communications with and/or submissions to regulatory entities. *See, e.g., Hanks v. Voya Ret. Ins. & Annuity Co.*, No. 16-cv-6399, 2021 WL 2451981, at *2 (S.D.N.Y. June 16, 2021) (granting movant's motion to seal "communications with (and submissions to) state insurance regulators" to protect movant's "sensitive business information"). Both the Motion and Nissenblatt Declaration discuss the contents of the FCC Petition (which is also attached as an exhibit to the Nissenblatt Declaration). That Petition itself is subject to a request for "enhanced confidential treatment" by the FCC under Exemption 4 of the Freedom of Information Act, 5 U.S.C. § 552(b)(4), and Section 0.457(d)(2) of the FCC's rules, given its inclusion of commercially sensitive retransmission consent agreement terms—information that the FCC has consistently recognized "can result in substantial competitive harm" if disclosed. *See, e.g.,* Examination of Current Policy Concerning the Treatment of Confidential Information Submitted to the Commission, Report and Order, 13 FCC Rcd. 24816 ¶ 61 (1998).

\*   \*   \*

As required by Rule VI.A.2 of Your Honor's Individual Practices, Comcast respectfully submits herewith: (i) an unredacted copy of the Motion, which, if Comcast's application were granted, would remain under seal; (ii) a proposed public version of the Motion reflecting Comcast's requested redactions; (iii) an unredacted copy of the Nissenblatt Declaration and Exhibit 1 thereto, which, if Comcast's application were granted, would remain under seal; and (iv) a proposed public version of the Nissenblatt Declaration and Exhibit 1 thereto reflecting Comcast's requested redactions.

**Davis Polk**  Honorable John G. Koeltl

We are available to provide any additional information that would help facilitate the Court's disposition of this request. We thank the Court for its consideration.

Respectfully submitted,

*/s/ Dana M. Seshens*

Dana M. Seshens

cc:     All counsel of record (via ECF)

September 22, 2021                                                                                              3