# COVINGTON

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   PALO ALTO
SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

Mitchell A. Kamin

Covington & Burling LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
T +1 424 332 4759
mkamin@cov.com

APPLICATION GRANTED
SO ORDERED
10/13/21
John G. Koeltl, U.S.D.J.

**Via Electronic Filing**

October 13, 2021

The Honorable John G. Koeltl
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

**Re: Nexstar Media Inc. v. Comcast Cable Communications, LLC**
**21 Civ. 06860 (JGK)**

Dear Judge Koeltl:

We represent plaintiff Nexstar Media Inc. ("Nexstar") in the above-captioned action against defendant Comcast Cable Communication, LLC ("Comcast"). We respectfully submit this letter-motion to request permission to redact confidential, commercially sensitive material in the publicly filed versions of (a) Nexstar's Opposition to Comcast's Motion to Stay or Dismiss the Complaint ("Opposition"); and (b) the Declaration of Elizabeth Ryder in Support of Nexstar's Opposition ("Declaration"). Nexstar has met and conferred with Comcast, and Comcast does not oppose this letter-motion.

The Opposition and Declaration reference the substance of correspondence that discusses commercially sensitive retransmission consent agreements and confidential negotiations surrounding the agreements. These agreements are extremely commercially sensitive and contain price rates and other terms that would disadvantage both parties if made available to competitors. The Opposition and Declaration also discuss commercially sensitive communications with the FCC. The Court has previously approved of redacting similar references in Comcast's motion. *See* ECF No. 24.

The Second Circuit has recognized the appropriateness of sealing confidential information. *See, e.g., DiRussa v. Dean Witter Reynolds, Inc.*, 121 F.3d 818, 826 (2nd Cir. 1997) (upholding trial court's decision to "safeguard . . . confidential material" by placing documents under seal). "Notwithstanding the presumption of public access to judicial records, courts may deny access to records that are 'sources of business information that might harm a litigant's competitive standing.'" *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). Disclosure of Nexstar's pricing terms, and its communications discussing the terms, would severely harm Nexstar in future negotiations with cable companies for similar agreements. *See Graczyk v. Verizon*

**COVINGTON**

Hon. John G. Koeltl
October 13, 2021
Page 2

*Commc'ns, Inc.*, 2020 WL 1435031, at *8 (S.D.N.Y. Mar. 24, 2020) (sealing financial terms where, if disclosed, party "would suffer a competitive disadvantage in future negotiations with vendors" of similar services).

Similarly, courts in this district may redact mentions of communications with regulatory agencies that reflect "sensitive business information." *See, e.g., Hanks v. Voya Ret. Ins. & Annuity Co.*, No. 16-cv-6399, 2021 WL 2451981, at *2 (S.D.N.Y. June 16, 2021). The Opposition and Declaration reference communications with the FCC regarding Comcast's petition to the FCC. Because the petition contains commercially sensitive agreement terms, Comcast requested "enhanced confidential treatment" of the petition by the FCC under Exemption 4 of the Freedom of Information Act, 5 U.S.C. § 552(b)(4). Again, the Court has previously approved of redacting similar references in Comcast's motion. *See* ECF No. 24.

Pursuant to this Court's Individual Practices, we are contemporaneously submitting publicly filed versions of the Opposition and Declaration with Nexstar's proposed redactions, as well as unredacted versions filed under seal with Nexstar's proposed redactions highlighted. We are also available to provide any information that may aid the Court in its determination of this matter.

Respectfully submitted,

/s/ Mitchell A. Kamin

Mitchell A. Kamin, Esq.

cc:   Counsel of Record (via ECF)