# COVINGTON

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   PALO ALTO
SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

Mitchell A. Kamin

Covington & Burling LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
T +1 424 332 4759
mkamin@cov.com

APPLICATION GRANTED
SO ORDERED
/s/ John G. Koeltl
John G. Koeltl, U.S.D.J.
7/11/22

Via Electronic Filing

July 11, 2022

The Honorable John G. Koeltl
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: *Nexstar Media Inc. v. Comcast Cable Communications, LLC*
     **1:21-cv-06860 (JGK)**

Dear Judge Koeltl:

We represent Plaintiff and Counterclaim-Defendant Nexstar Media Inc. ("Nexstar") in the above-captioned action against Defendant, Counterclaim-Plaintiff, and Third-Party Plaintiff Comcast Cable Communication, LLC ("Comcast"). We write to move to permanently seal confidential, commercially sensitive material in the unredacted versions of (a) Third-Party Defendant Mission Broadcasting, Inc.'s ("Mission") Motion to Dismiss Comcast's Third Party Complaint ("Motion"); and (b) Exhibit 1 to the Declaration of Stephen Obermeier in Support of Mission's Motion ("Declaration"). Mission has filed the material under temporary seal pursuant to the Court's Individual Practices. *See* ECF No. 96.

The Motion references the substance of correspondence between Nexstar and Comcast that discusses a commercially sensitive retransmission consent agreement between the parties (the "Nexstar Agreement") and confidential negotiations surrounding the Nexstar Agreement. The Declaration also attaches the Nexstar Agreement itself as Exhibit 1. The Court has previously issued orders permanently sealing both the Nexstar Agreement and the correspondence. *See* ECF Nos. 36 (order sealing Nexstar Agreement), 35-1 (Nexstar Agreement), 24 (order sealing Exhibit 1 to the Nissenblatt Declaration), 20-1 at 65–86 (portion of Exhibit 1 that contains correspondence). The Court has also previously permanently sealed references to the Nexstar Agreement and correspondence in connection with Comcast's Answer and Counterclaim and Third Party Complaint. *See* ECF Nos. 64 (order sealing Third Party Complaint and Answer and Counterclaim), 52 (Third Party Complaint), 54 (Answer and Counterclaim).

The Nexstar Agreement is extremely commercially sensitive and contains price rates and other terms that would disadvantage both parties if made available to competitors. The Second Circuit has recognized the appropriateness of sealing confidential information. *See, e.g.*,

Case 1:21-cv-06860-JGK   Document 106   Filed 07/11/22   Page 2 of 2

**COVINGTON**

*DiRussa v. Dean Witter Reynolds, Inc.*, 121 F.3d 818, 826 (2nd Cir. 1997) (upholding trial court's decision to "safeguard . . . confidential material" by placing documents under seal). "Notwithstanding the presumption of public access to judicial records, courts may deny access to records that are 'sources of business information that might harm a litigant's competitive standing.'" *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). Disclosure of Nexstar's pricing terms, and its communications discussing the terms, would severely harm Nexstar in future negotiations with cable companies for similar agreements. *See Graczyk v. Verizon Commc'ns, Inc.*, 2020 WL 1435031, at *8 (S.D.N.Y. Mar. 24, 2020) (sealing financial terms where, if disclosed, party "would suffer a competitive disadvantage in future negotiations with vendors" of similar services).

In connection with its Motion, Mission has moved to permanently seal certain material in the Motion and Declaration. *See* ECF No. 96. Nexstar's instant letter moves to seal all other material in the Motion that was filed under temporary seal by Mission. Accordingly, Nexstar hereby requests that the Court enter an order permanently sealing the unredacted versions of the Motion (ECF No. 98) and Exhibit 1 of the Declaration (ECF No. 99-1). We are available to provide any information that may aid the Court in its determination of this matter.

Respectfully submitted,

*/s/ Mitchell A. Kamin*

Mitchell A. Kamin, Esq.

cc:   Counsel of Record (via ECF)