**Davis Polk**

Dana M. Seshens
+1 212 450 4855
dana.seshens@davispolk.com
davispolk.com

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017

APPLICATION GRANTED
SO ORDERED

/s/ John G. Koeltl 6/12/22
John G. Koeltl, U.S.D.J.

7/11/22

July 11, 2022

Re: *Nexstar Media Inc. v. Comcast Cable Communications, LLC*, No. 1:21-cv-06860-JGK

**VIA ECF**

The Honorable John G. Koeltl
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Dear Judge Koeltl:

We represent Comcast Cable Communications, LLC ("Comcast") in the above-referenced action. We write pursuant to Rule VI.A.2. of Your Honor's Individual Practices to request permanent sealing of two documents recently filed under temporary seal in connection with the motions to dismiss brought by Plaintiff and Counterclaim Defendant Nexstar Media Inc. and Third-Party Defendant Mission Broadcasting, Inc. (*See generally* Dkt. Nos. 90-102.) Specifically, Comcast requests that the following documents remain permanently under seal:

- The Comcast-Mission Agreement (as defined in Comcast's pleadings), which is attached as Exhibit 5 to the Declaration of Kevin Hoogstraten in Support of Nexstar's Motion to Dismiss Comcast's Counterclaim, dated July 8, 2022 ("Hoogstraten Declaration") (Dkt. Nos. 93-5, 95-5) and separately as Exhibit 2 to the Declaration of Stephen J. Obermeier in Support of Mission's Motion to Dismiss Comcast's Third-Party Complaint, dated July 8, 2022 ("Obermeier Declaration") (Dkt. Nos. 99-2, 101-2); and

- The Comcast-Nexstar Agreement (as defined in Comcast's pleadings), which is attached as Exhibit 2 to the Hoogstraten Declaration (Dkt. Nos. 93-2, 95-2) and separately as Exhibit 1 to the Obermeier Declaration (Dkt. Nos. 99-1, 101-1).

The Comcast-Nexstar and Comcast-Mission Agreement are confidential retransmission consent agreements between the parties to this action, whose terms are proprietary, are commercially sensitive, and could cause significant competitive disadvantage if publicly disclosed. Your Honor has accordingly approved the permanent sealing of these same documents (and/or references thereto) on several previous occasions. (*See, e.g.*, Dkt. Nos. 24, 30, 36, 64, 86, 88.) Nexstar and Mission, moreover, have themselves requested permanent sealing of the Comcast-Nexstar and Comcast-Mission Agreement, respectively, in their July 8, 2022 letter-motions to seal (Dkt. Nos. 90, 96) (the "Sealing Letters"). For substantially the same reasons set out in the parties' prior applications and in the Sealing Letters, Comcast respectfully submits that the Comcast-Nexstar and Comcast-Mission Agreements should be maintained under permanent seal.[1]

Comcast otherwise neither opposes nor joins in the Sealing Letters.

---

[1] As explained in our letter to Your Honor of May 20, 2022 (Dkt. No. 51), Comcast does not take the position that sealing of mere references to or correspondence concerning the Comcast-Nexstar or Comcast-Mission Agreement (as opposed to the documents themselves) is warranted at this stage of the litigation.

**Davis Polk**   Honorable John G. Koeltl

We thank the Court for its consideration.

Respectfully submitted,

*/s/ Dana M. Seshens*
Dana M. Seshens

cc:   All counsel of record (via ECF)