**COVINGTON**

BEIJING BRUSSELS DUBAI FRANKFURT JOHANNESBURG
LONDON LOS ANGELES NEW YORK PALO ALTO
SAN FRANCISCO SEOUL SHANGHAI WASHINGTON

**Mitchell A. Kamin**

Covington & Burling LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
T +1 424 332 4759
mkamin@cov.com

APPLICATION GRANTED
SO ORDERED

8/1/22 [signature]
John G. Koeltl, U.S.D.J.

**Via Electronic Filing**

August 1, 2022

The Honorable John G. Koeltl
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

**Re:** ***Nexstar Media Inc. v. Comcast Cable Communications, LLC***
**1:21-cv-06860 (JGK)**

Dear Judge Koeltl:

We represent Plaintiff and Counterclaim-Defendant Nexstar Media Inc. ("Nexstar") in the above-captioned action against Defendant, Counterclaim-Plaintiff, and Third-Party Plaintiff Comcast Cable Communication, LLC ("Comcast"). Comcast has also asserted claims against Third-Party Defendant Mission Broadcasting, Inc. ("Mission"). We write to move to permanently seal confidential, commercially sensitive material in the unredacted versions of (a) Comcast's Omnibus Memorandum of Law in Opposition to Motions to Dismiss the Counterclaim and Third-Party Complaint ("Opposition"); and (b) Exhibits 1–4 and 6 to the Declaration of Dana M. Seshens in Support of Comcast's Opposition ("Declaration"). Comcast has filed the material under temporary seal pursuant to the Court's Individual Practices. *See* ECF No. 113.

The Motion references the substance of correspondence between Nexstar and Comcast that discusses a commercially sensitive retransmission consent agreement between the parties (the "Nexstar Agreement") and confidential negotiations surrounding the Nexstar Agreement. The Declaration also attaches certain of the correspondence itself as Exhibits 1–4 and 6. The Court has previously issued orders permanently sealing the correspondence. *See* ECF Nos. 24 (order sealing Exhibit 1 to the Nissenblatt Declaration), 20-1 at 65–86 (portion of Exhibit 1 that contains correspondence). The Court has also previously permanently sealed references to the correspondence in connection with Comcast's Answer and Counterclaim and Third Party Complaint. *See* ECF Nos. 64 (order sealing Third Party Complaint and Answer and Counterclaim), 52 (Third Party Complaint), 54 (Answer and Counterclaim).

The correspondence regarding the Nexstar Agreement is extremely commercially sensitive and discusses price rates and other terms that would disadvantage both parties if made available to competitors. The Second Circuit has recognized the appropriateness of sealing

confidential information. *See, e.g.*, *DiRussa v. Dean Witter Reynolds, Inc.*, 121 F.3d 818, 826 (2nd Cir. 1997) (upholding trial court's decision to "safeguard . . . confidential material" by placing documents under seal). "Notwithstanding the presumption of public access to judicial records, courts may deny access to records that are 'sources of business information that might harm a litigant's competitive standing.'" *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). Disclosure of Nexstar's pricing terms, and its communications discussing the terms, would severely harm Nexstar in future negotiations with cable companies for similar agreements. *See Graczyk v. Verizon Commc'ns, Inc.*, 2020 WL 1435031, at *8 (S.D.N.Y. Mar. 24, 2020) (sealing financial terms where, if disclosed, party "would suffer a competitive disadvantage in future negotiations with vendors" of similar services).

Accordingly, Nexstar hereby requests that the Court enter an order permanently sealing the unredacted versions of the Opposition (ECF No. 114) and Exhibits 1–4 and 6 of the Declaration (ECF Nos. 115–1, 115–2, 115–3, 115–4, and 115–6). We are available to provide any information that may aid the Court in its determination of this matter.

Respectfully submitted,

Mitchell A. Kamin, Esq.

cc: Counsel of Record (via ECF)