# COVINGTON

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   PALO ALTO
SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

Mitchell A. Kamin

Covington & Burling LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
T +1 424 332 4759
mkamin@cov.com

APPLICATION GRANTED
SO ORDERED

John G. Koeltl, U.S.D.J.
8/12/22

**Via Electronic Filing**

August 12, 2022

The Honorable John G. Koeltl
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: *Nexstar Media Inc. v. Comcast Cable Communications, LLC*
1:21-cv-06860 (JGK)

Dear Judge Koeltl:

We represent Plaintiff and Counterclaim-Defendant Nexstar Media Inc. ("Nexstar") in the above-captioned action against Defendant, Counterclaim-Plaintiff, and Third-Party Plaintiff Comcast Cable Communication, LLC ("Comcast"). We write to seek leave to file under permanent seal confidential, commercially sensitive material in the publicly filed versions of Nexstar's Reply Memorandum of Law in Support of Nexstar's Motion to Dismiss Comcast's Counterclaim ("Reply"). We also write to seek leave to file under temporary seal other material in the Reply, per the request of Third-Party Defendant Mission Broadcasting, Inc. ("Mission"). Nexstar has met and conferred with Comcast and Mission, and neither party opposes this letter-motion.

## I.   Permanent Seal

The Reply references the substance of correspondence between Nexstar and Comcast that discusses a commercially sensitive retransmission consent agreement between the parties (the "Nexstar Agreement") and confidential negotiations surrounding the Nexstar Agreement. The Court has previously issued orders permanently sealing the correspondence. *See* ECF Nos. 24 (order sealing Exhibit 1 to the Nissenblatt Declaration), 20-1 at 65–86 (portion of Exhibit 1 that contains correspondence). The Court has also previously permanently sealed references to the correspondence in connection with Nexstar's Motion to Dismiss Comcast's Counterclaim ("Motion"). *See* ECF Nos. 109 (order sealing Motion), 92 (Motion), 93-6 (correspondence).

The Nexstar Agreement is extremely commercially sensitive and contains price rates and other terms that would disadvantage both parties if made available to competitors. The Second Circuit has recognized the appropriateness of sealing confidential information. *See, e.g.*, *DiRussa v. Dean Witter Reynolds, Inc.*, 121 F.3d 818, 826 (2nd Cir. 1997) (upholding trial

COVINGTON

court's decision to "safeguard . . . confidential material" by placing documents under seal). "Notwithstanding the presumption of public access to judicial records, courts may deny access to records that are 'sources of business information that might harm a litigant's competitive standing.'" *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). Disclosure of communications discussing the Nexstar Agreement's terms would severely harm Nexstar in future negotiations with cable companies for similar agreements. *See Graczyk v. Verizon Commc'ns, Inc.*, 2020 WL 1435031, at *8 (S.D.N.Y. Mar. 24, 2020) (sealing financial terms where, if disclosed, party "would suffer a competitive disadvantage in future negotiations with vendors" of similar services).

## II. Temporary Seal

The Reply also contains other information that this Court permanently sealed, per the behest of Mission, in connection with the Motion and with the Answer and Counterclaim. Mission has represented to Nexstar and Comcast that Mission will be filing a reply memorandum in support of its motion to dismiss the Third Party Complaint, and that Mission plans to seek confidential treatment for information in its reply memorandum that was sealed in connection with Mission's motion to dismiss the Third Party Complaint.

Accordingly, Nexstar informed Mission and Comcast that Nexstar would redact information in Nexstar's Reply that (a) has been previously sealed by the Court and that (b) Nexstar was not affirmatively moving to permanently seal, and would seek leave to file such information under temporary seal. Nexstar also informed Mission and Comcast that if either party intended to request confidential treatment of the information, that party would be required to file, within three days, a letter motion to seal.

\* \* \*

Pursuant to this Court's Individual Practices, we are contemporaneously submitting a publicly filed version of the Reply with Nexstar's proposed redactions, as well as an unredacted version filed under seal. The unredacted version contains Nexstar's proposed permanent redactions highlighted in yellow, and Nexstar's proposed temporary redactions highlighted in green. We are also available to provide any information that may aid the Court in its determination of this matter.

Respectfully submitted,

*/s/ Mitchell A. Kamin*

Mitchell A. Kamin, Esq.

cc:   Counsel of Record (via ECF)

2