UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEXSTAR MEDIA INC., <br><br> Plaintiff and Counterclaim Defendant, <br><br> v. <br><br> COMCAST CABLE COMMUNICATIONS, LLC, <br><br> Defendant and Counterclaim Plaintiff. | Case No. 1:21-cv-06860-JGK |
| COMCAST CABLE COMMUNICATIONS, LLC, <br><br> Third-Party Plaintiff, <br><br> v. <br><br> MISSION BROADCASTING, INC., <br><br> Third-Party Defendant. | |

## STIPULATED PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c) and the Local Rules of this Court governing disclosure and discovery, and upon the agreement and stipulation of the parties (the "Parties" and each, individually, a "Party"), to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect confidential material, and ensure that protection is afforded to materials so entitled in this action (the "Action"), the Court enters this protective order (the "Protective Order" or "Order"). This Protective Order is binding on the current Parties and any person or entity that in the future becomes a Party in this Action, as well as their respective attorneys, agents, representatives, officers and employees, and

others as set forth herein.  All undersigned parties have consented to this filing.  This Order is not binding on the Court or Court personnel.  The Court reserves the right to amend it at any time.

## I.  **DEFINITIONS**

1.  Action: The above-captioned action.

2.  Challenging Party: A Party or Non-Party that challenges the designation of information or items under this Order.

3.  Confidential Material: Any Discovery Material that is designated as Confidential and qualifies for protection as such under Federal Rule of Civil Procedure 26(c).

4.  Consultant: Individuals or entities that work for a Party as an independent contractor and/or consultant in the day-to-day course of business unrelated to the Action, excluding any expert consultants hired as a result of the Action.

5.  Counsel: Outside Counsel of Record and In-House Counsel (as well as their support staff).

6.  Designating Party: A Party or Non-Party that designates information or items that it produces in discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

7.  Disclosure or Discovery Material: All documents, items, or other information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this Action.  This includes any material produced, filed, or served by any Party or Non-Party during discovery in this Action, or any information included in any such material.  This further includes all information contained in produced documents, including without limitation electronically stored information ("ESI") and metadata.

2

Discovery Material may include, but is not limited to, deposition testimony and transcripts, and documents and tangible things produced by a Party or Non-Party (whether produced pursuant to Federal Rule of Civil Procedure 34, subpoena, or otherwise).  Discovery Material produced, exchanged, or disclosed in this Action shall be used only for the purposes of this Action, and not for any other proceeding, or for any other business, competitive, personal, private, public, or other purpose.

8.   <u>Expert</u>: A person with specialized knowledge or experience in a matter pertinent to the Action who (1) has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in connection with this action, (2) is not a current employee of a Party or of a Party's competitor, (3) is not a past employee of a Party, and (4) at the time of retention, is not reasonably anticipated to become an employee of a Party or of a Party's competitor.  A past employee of a Party's competitor may be retained as an Expert only if the individual has left full-time regular employment in the field and such individual agrees that such individual will not work for any Party or Party's competitor in connection with any negotiation for retransmission consent rights and/or broadcast television station ownership, programming, management, or licensing rights involving any Party for at least one year from the earlier of (i) the date expert discovery closes in this matter, or (ii) the date this matter is resolved.

9.   <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: "Confidential Material" that the Producing Party reasonably and in good faith believes is so highly sensitive that its disclosure to another Party or Non-

Party would create a substantial risk of serious harm to the Designating Party (including but not limited to harm of a competitive or commercial nature) that could not be avoided by less restrictive means, including but not limited to information relating to retransmission rates paid by or to Non-Parties and confidential terms within retransmission consent agreements between a Party and a Non-Party.

10. In-House Counsel: Attorneys who are employees of a Party to this action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

11. Non-Party: Any natural person or entity that is not a Party.

12. Outside Counsel of Record: Attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

13. Party: Any party to the Action, including all of its officers, directors, Consultants and employees.

14. Privilege: The attorney-client privilege, the work-product doctrine, the common-interest doctrine, or any other privilege, protection, or immunity recognized by law.

15. Producing Party: A Party or Non-Party that produces Disclosure or Discovery Material.

16. Professional Vendors: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or

demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

17. <u>Protected Material</u>: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

18. <u>Receiving Party</u>: A Party or Non-Party that receives Disclosure or Discovery Material from a Producing Party.

## II. **CONFIDENTIALITY**

1. <u>Confidentiality Designations</u>: Discovery Material may be designated by the Producing Party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (collectively, "Protected Material"). The Parties shall make confidentiality designations in good faith to ensure that only those documents or information that merit Protected Material treatment are so designated.

2. <u>Standard for Protected Material</u>: The standard for Protected Material is Discovery Material that has not been made public by the Producing Party, and that the Producing Party reasonably and in good faith believes qualifies for protection under standards developed under Federal Rule of Civil Procedure 26(c).

3. <u>Procedure for Confidentiality Designations</u>:

   a. <u>Designation</u>: To designate Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Producing Party must mark it or identify it on the record as such.

   b. <u>Marking Documents</u>: All or any part of a document, tangible object, discovery response, or pleading disclosed, produced, or filed by a

5

Producing Party may be designated Protected Material by marking the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and "SUBJECT TO PROTECTIVE ORDER," or substantially equivalent language on the face of the document and each page so designated. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted. With respect to tangible items or ESI produced in native format, the appropriate legend shall be marked on the face of the tangible item or media containing ESI, if practicable, or by written notice to the Receiving Party at the time of disclosure, production, or filing that such tangible item or media is Protected Material or contains such information. A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the

6

appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

c.  <u>Marking Testimony</u>: For testimony given in deposition or other pretrial proceedings, parties and deponents may, on the record during the deposition or other proceeding, or at any other time within thirty (30) days after receiving a final transcript of the deposition or other proceeding, designate the transcript or pages thereof (and exhibits thereto) as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Deposition testimony shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pending the thirty (30) day deadline. A Party thereafter seeking to assert inadvertent failure to designate deposition testimony shall do so on motion to the Court and shall have the burden of showing grounds for relief. Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the certification in the form attached hereto as Appendix A are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY." Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 30-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

d.      Marking Other Information and Tangible Items: The Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

e.      Inadvertent Failures to Designate: Other than testimony subject to the inadvertent-failure-to-designate provisions of Paragraph II.3(c) of this Order, the inadvertent failure to designate particular Discovery Material as Protected at the time of production shall not operate to waive a Party's or

8

Non-Party's right to later designate such Discovery Material as Protected. Any correction and notice of the correction shall be made in writing, accompanied by substitute copies of each item of Discovery Material, properly marked with the level of protection being asserted in accordance with Paragraph II.3(b) of this Order. Thereafter, the Receiving Party must immediately return to the Producing Party or, at the Receiving Party's election, destroy the original Protected Material and all copies of the same and make no use of such information. No Party shall be deemed to have violated this Order if, prior to notification of any later designation, such Discovery Material has been disclosed or used in a manner inconsistent with the later designation. If the Discovery Material that was inadvertently not designated is, by the time of the later designation, filed with a court on the public record, the Party or Non-Party that failed to make the designation shall move for appropriate relief.

4.    <u>Redaction for Privilege or Protection</u>: Any Producing Party may redact from the Discovery Materials it produces any matter that the Producing Party claims is subject to attorney-client privilege, work-product protection, or any other privilege or immunity.

5.    <u>Challenges to Privilege Redactions and Confidentiality Designations</u>:

a.    A Party may at any time, in good faith, object to the propriety of a confidentiality designation for specific Discovery Material, or the withholding and/or redaction of any Discovery Material on the basis of privilege or work-product immunity, by serving by email a written

9

objection upon the Producing Party's or Non-Party's Counsel.  Within 14 days following the service of an objection, the Parties will meet and confer by phone concerning the objection.  If the Parties cannot agree, the objecting Party may, within 21 days of the initial challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, move the Court for an order (i) removing a confidentiality designation, or (ii) seeking the production of material being withheld from production.  On such a motion, (i) the Producing Party or Non-Party shall have the burden of proving that such material is properly withheld as privileged or work-product protected, and (ii) the objecting Party shall have the burden to demonstrate that "good cause" exists for removing the confidentiality designation at issue.

b.     Pending the Court's resolution of any dispute over the confidentiality or privilege designation to be applied to Discovery Material, either (i) the confidentiality designation shall apply, or (ii) the Discovery Material (or redacted portions thereof) shall be deemed privileged, as the case may be. Any motion with respect to the confidentiality or privilege status of Discovery Material shall, if appropriate, be filed under seal.

## III.  ACCESS TO AND USE OF PROTECTED MATERIAL

1.     <u>Basic Principles</u>: A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a

Receiving Party must comply with the provisions of Paragraph III.6 below. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

2. <u>Disclosure of "CONFIDENTIAL" Information or Items</u>: Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

    a. The Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

    b. The officers, directors, Consultants, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

    c. Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed a certification in the form attached hereto as Appendix A;

    d. This Court, any appellate court(s) to which an appeal of this Action is taken, any court personnel, and qualified persons (including necessary clerical personnel) recording, taking or transcribing testimony, argument, or at any deposition, hearing, trial or appeal in this Action;

    e. Court reporters and their staff;

f.  Professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed a certification in the form attached hereto as Appendix A;

g.  Any person designated by the Court upon such terms as the Court may deem proper;

h.  Deponents and trial witnesses during a deposition, evidentiary hearing, or trial who have a reasonable need to see the Confidential Material in order to provide testimony;

i.  The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

j.  Other persons only by written consent of the Producing Party or court order.

3.  <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u> <u>Information or Items</u>: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

a.  The Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

b.  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed a certification in the form attached hereto as Appendix A;

c.   This Court, any appellate court(s) to which an appeal of this Action is taken, and qualified persons (including necessary clerical personnel) recording, taking or transcribing testimony, argument, or at any deposition, hearing, trial or appeal in this Action;

d.   Court reporters and their staff;

e.   Professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the certificate attached hereto as Appendix A;

f.   Deponents and trial witnesses during a deposition, evidentiary hearing, or trial who have a reasonable need to see the Confidential Material in order to provide testimony and who have signed the certificate attached hereto as Appendix A;

g.   The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

h.   Other persons only by written consent of the Producing Party.

4.   <u>Use of Protected Material</u>:

a.   <u>Restricted to This Proceeding</u>: All Discovery Material produced, or information derived therefrom, including but not limited to Confidential Material, shall be used solely for the purposes of the Action and shall not be used for any other purpose. No Discovery Material will be used by the Receiving Party in any other litigation, proceeding, regulatory action, or for any other purpose in this or any other jurisdiction.

13

b.    <u>Filings</u>:  Unless otherwise agreed by the Producing Party, all parties shall file under temporary seal any document that constitutes, discloses, summarizes, describes, characterizes, or otherwise communicates, in whole or in part, Protected Material.  The filing Party shall comply with the filing procedures described under Judge Koeltl's Individual Rule VI.A.2 and notify the Producing Party that it must file, within three (3) days, a letter explaining the need to seal or redact the Protected Material.

c.    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person not authorized under this Order, the Receiving Party must immediately (a) use its best efforts to retrieve all copies or obtain a certification of destruction of the Protected Material, (b) promptly notify the Producing Party of the scope and nature of the unauthorized disclosure, including detailing the best efforts it has taken to retrieve all copies or obtain a certification of destruction of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the certificate attached hereto as Appendix A.

d.    This Order shall not restrict any attorney who is a qualified recipient under the terms of the Order from rendering advice to his or her client that is a Party to this Action, and in the course thereof, from generally relying upon his or her examination of Protected Material.  In rendering such advice, or in otherwise communicating with the client, the attorney shall not disclose

directly or indirectly the specific content of any Protected Material of another Party or Non-Party where such disclosure would not otherwise be permitted under the terms of this Order.

5.  <u>Requests by a Third Party for Protected Material</u>: If a Receiving Party is served with a discovery request, subpoena, or an order issued in other litigation, or receives some other form of legal process or request from any court, federal or state regulatory or administrative body or agency, legislative body, self-regulatory organization, or other person or entity purporting to have authority to require the production thereof, that seeks disclosure of any Protected Material (collectively, a "Demand") the Receiving Party must notify, to the extent permitted by law and the rules, requirements, or requests of any relevant governmental or self-regulatory organization, the Producing Party. The notification must be in writing (by email, if possible), include a copy of the Demand, and be made as soon as reasonably practicable, in order to allow the Producing Party at least ten (10) days to take such protective steps as it deems appropriate, which steps, if any, the Producing Party shall take at its own cost and expense. The Receiving Party also must promptly inform the party that caused the Demand to issue that some or all of the material covered by the Demand is the subject of the Order. In the absence of the Producing Party lodging an objection to the Demand within 10 days of receipt of the aforementioned notification, the Receiving Party may produce responsive documents, materials, or other information. In order to suspend or prevent production by the Receiving Party in response to a Demand, said objection must be lodged with the entity that made the Demand, or in a

proceeding in connection with which the Demand was made, and must be sufficient to relieve or stay the obligation of the Receiving Party to comply with the Demand until the objection has been resolved. Notwithstanding the foregoing, nothing in this paragraph shall be construed as requiring that any party to this Order subject itself to any penalties for noncompliance with any court order, subpoena, or other direction by a court, administrative agency, legislative body, or regulatory body.

6.   <u>Return or Destruction of Protected Material</u>:

a.    Within ninety (90) days of the final disposition of this Action—including all appeals—all recipients of Protected Material must either return the Protected Material and all copies thereof to the Producing Party, or, at the Receiving Party's election, destroy such material and copies. Upon written request by the Producing Party, the Receiving Party must certify the return or destruction of Protected Material by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, notes, or other forms of reproducing or capturing any of the Protected Material in whole or in part. Notwithstanding this provision, the Counsel of Record for the Parties in this Action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, discovery responses, deposition exhibits, trial exhibits, legal memoranda, correspondence, or attorney work product generated or received in this Action, even if such materials contain

Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Order.

b.   The Receiving Party's reasonable efforts shall not require the return or destruction of materials that (i) are stored on backup storage media made in accordance with regular data backup procedures for disaster recovery purposes; (ii) are subject to document preservation obligations; or (iii) are otherwise required by law to be retained.  Backup storage media need not be restored for purpose of returning or certifying destruction of materials, but any such materials retained in backup storage media shall continue to be treated in accordance with this Order.

## IV.   <u>PRIVILEGE</u>

1.   <u>No Waiver by Disclosure</u>:

a.   The production of privileged or work-product protected documents, ESI or Discovery Material, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this Action or in any other federal or state proceeding.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

b.   If a Producing Party becomes aware that it has inadvertently produced privileged or work-product protected information, the Producing Party will promptly notify each Receiving Party in writing (by email) of the inadvertent production.  Within two (2) business days of receipt of such notice, each Receiving Party to which such notice is directed: (a) must return, sequester, or destroy the protected information and any copies (except to challenge the claim of privilege or protection before the Court

17

to the extent permitted under Fed. R. Civ. P. 26(b)(5)(B)); (b) must not use or disclose the protected information (except to challenge the claim of privilege or protection before the Court to the extent permitted under Fed. R. Civ. P. 26(b)(5)(B)) until the claim of privilege or protection is resolved or withdrawn; (c) must take reasonable steps to recall the protected information if that Receiving Party disclosed it before being notified; and (d) must, upon the Producing Party's request, provide a written certification of Counsel that all such disclosed protected information has been returned, sequestered, or destroyed.

c.      Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI, or Discovery Material (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

## V.    <u>**MISCELLANEOUS**</u>

1.      <u>Limitations</u>: Nothing contained herein shall operate as an admission by any Party as to the admissibility in evidence of any document or information revealed in the course of disclosure or discovery. Nothing contained herein shall preclude any Party from opposing or seeking any discovery on any basis. Nothing in this Order shall prohibit or interfere with the ability of Counsel for any Receiving Party, or of experts specially retained for this case, to represent any individual, corporation or other entity adverse to any Party or Non-Party or their affiliate(s) in connection with any other matter.

2.      <u>Violations of the Protective Order</u>: In the event that any Party or Non-Party violates the terms of this Protective Order or threatens to violate the terms of this

18

Protective Order, the aggrieved Producing Party may apply to the Court to obtain

relief against any such Party or Non-Party violating or threatening to violate any

of the terms of this Protective Order, including without limitation specific

performance of their obligations herein. The Parties and any other person subject

to the terms of this Protective Order agree that this Court shall retain jurisdiction

over it and them for the purpose of enforcing this Protective Order.

3.      <u>Security Precautions and Data Breaches</u>: A Receiving Party that learns of a breach

of confidentiality affecting any documents or materials it received from a

Producing Party must promptly notify the Producing Party of the scope and nature

of that breach and make reasonable efforts to contain, mitigate, and remedy the

breach.

4.      <u>Trial</u>: This Protective Order shall not apply to Protected Material that is properly

disclosed at the trial of this Action. The closure of trial proceedings and sealing

of the record of a trial involve considerations not presently before the Court.

These issues may be taken up as a separate matter upon the motion of any of the

Parties before trial consistent with any applicable case management order.

Notwithstanding the foregoing, this Order shall continue to apply after trial to all

Protected Material not disclosed during the trial of this Action.

5.      <u>Effectiveness Pending Entry by the Court</u>: The Parties agree to be bound by the

terms of this [Proposed] Stipulated Protective Order pending the entry by the

Court of this [Proposed] Stipulated Protective Order, and any violations of the

terms herein shall be subject to the same sanctions as if this [Proposed] Stipulated

Protective Order had been entered by the Court.

6.     <u>Protective Order Remains in Force</u>: This Protective Order shall remain in force and effect until modified, superseded, or terminated by order of the Court. Unless otherwise ordered, or agreed upon by the parties, this Protective Order shall survive the termination of this Action. The Court retains jurisdiction even after termination of this Action to enforce this Protective Order and to make such amendments, modifications, deletions and additions to this Protective Order as the Court may, at any time, deem appropriate.

7.     <u>Modification</u>: Stipulations may be made, between Counsel for the respective Parties, as to the application of this Order to specific situations, or to alternative or supplemental confidentiality arrangements, provided that such stipulations are recorded in writing or contained in the record of any oral proceeding. Nothing contained herein shall preclude any Party from seeking an order of the Court modifying or supplementing this Order. This Order does not apply to the Court or court personnel. The Court reserves the right to modify this Order at any time.

IT IS SO STIPULATED this  16th day of August, 2022.


COVINGTON & BURLING LLP

/s/ *Mitchell A. Kamin*
Mitchell  A. Kamin
1999  Avenue of the Stars, Suite  3500
Los Angeles, CA 90067
(424) 332-4800
mkamin@cov.com


Lindsey Barnhart (*pro hac vice*)
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306-2112
(650) 632-4706
lbarnhart@cov.com

*Counsel for Nexstar Media Inc.*

WILEY REIN LLP

/s/ *Stephen J. Obermeier*
Stephen J. Obermeier (*pro hac vice*)
Richard W. Smith (*pro hac vice*)
Rebecca J. Fiebig
2050 M Street NW
Washington,  DC 20036
(202) 719-7000
sobermeier@wiley.law
rwsmith@wiley.law
rfiebig@wiley.law

*Counsel for Mission Broadcasting, Inc.*

DAVIS POLK & WARDWELL LLP

/s/ *Dana M. Seshens*
Dana M. Seshens
Paul Spagnoletti
Craig J. Bergman
450 Lexington  Avenue
New York, NY 10017
(212) 450-4000
paul.spagnoletti@davispolk.com
dana.seshens@davispolk.com
craig.bergman@davispolk.com

*Counsel for Comcast Cable Communications, LLC*


IT IS SO ORDERED this 17th day of August, 2022.


_____
            /s/ John G. Koeltl
HON. JOHN G. KOELTL, U.S.D.J.

## APPENDIX A

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

NEXSTAR MEDIA INC.,

Plaintiff,

v.

COMCAST CABLE
COMMUNICATIONS, LLC,

Defendant.

Case No. 1:21-cv-06860-JGK

COMCAST CABLE
COMMUNICATIONS, LLC,

Third-Party Plaintiff,

v.

MISSION BROADCASTING, INC.,

Third-Party Defendant.

## ENDORSEMENT OF STIPULATED PROTECTIVE ORDER

I hereby certify that I have read the Stipulated Protective Order ("Order") entered in the above-captioned action and that I understand the terms thereof. I agree to be bound by the Order. If I receive documents or information designated as Confidential or Highly Confidential – Attorneys' Eyes Only as those terms are defined in the Order, I understand that such information is provided to me pursuant to the terms and restrictions of the Order. I agree to hold in confidence and not further disclose or use for any purpose, other than as permitted by the Order, any information disclosed to me pursuant to the terms of the Order. I further agree to submit to the jurisdiction of this Court for purposes of enforcing the Order.

Name:_____

Street Address:_____

City, State, ZIP:_____

Telephone: _____

Facsimile:_____

Email Address:_____

Counsel for Third Party: _____

Signature:_____