**COVINGTON**

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   PALO ALTO
SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

Lindsey Barnhart

Covington & Burling LLP
3000 El Camino Real
5 Palo Alto Square
Palo Alto, CA 94306-2112
T  +1 650 632 4706
lbarnhart@cov.com

**Via ECF**                                                                                                November 8, 2022

The Honorable John G. Koeltl
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

> Re: *Nexstar Media Inc. v. Comcast Cable Communications, LLC*,
> Case No. 1:21-cv-06860-JGK-SDA

Dear Judge Koeltl:

      We represent Plaintiff and Counterclaim-Defendant Nexstar Media Inc. ("Nexstar") in the above-referenced action against Defendant, Counterclaim-Plaintiff, and Third-Party Plaintiff Comcast Cable Communications, LLC ("Comcast"). On October 20, 2022, Nexstar filed Federal Rule of Civil Procedure 72 Objections to the October 6, 2022 Order Granting Comcast's Motion to Compel. ECF No. 158. Comcast subsequently filed its Opposition to Nexstar's Objections on October 28, 2022. ECF No. 164. After seeking and obtaining leave from the Court, Nexstar filed its Reply in support of the Objections on November 4, 2022. ECF No. 172.

      On November 7, 2022, and without any notice to Nexstar, Comcast submitted a letter to the Court requesting "an opportunity to respond" to purported "new and unripe discovery disputes" raised in Section III of Nexstar's reply brief. ECF No. 175. Comcast's November 7 letter misrepresents the parties' recent briefing and should be disregarded.[1]

      Section III of Nexstar's reply brief responded to Comcast's irrelevant and misleading statements regarding the parties' recent meet-and-confer efforts that Comcast put at issue. In its opposition, Comcast repeatedly referred to the parties' ongoing "meet-and-confer sessions" regarding "document collection parameters" and a "collection protocol," as ordered by Magistrate Judge Aaron, and wrongly insinuated that Nexstar has "delay[ed]" discovery. *See, e.g.*, ECF No. 164 at 1, 7, 15. After noting that Comcast's discussion of discovery issues not bearing on the merits of the October 6, 2022 Order was "entirely irrelevant to the question at hand," Section III of Nexstar's reply properly corrected "Comcast's mischaracterization of events since the Discovery Order was issued." ECF No. 172 at 7. Nexstar did not ask this Court to

---

[1]  In an attempt to avoid burdening the Court with additional correspondence, Nexstar detailed the reasons why Comcast's letter was inaccurate and asked Comcast to withdraw the letter. Comcast refused.

**COVINGTON**

The Honorable John G. Koeltl
November 8, 2022
Page 2

address or resolve anything other than whether the October 6, 2022 Order is clearly erroneous or contrary to law.

Nexstar therefore respectfully requests that the Court disregard the November 7 letter and deny Comcast's request to file a sur-reply.

Thank you for your time and consideration of this matter.

Respectfully submitted,

*/s/ Lindsey Barnhart*

Lindsey Barnhart

cc:   Counsel of Record (via ECF)