```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
--------------------------------------------------

NEXSTAR MEDIA INC.,
                     Plaintiff,          21-cv-6860 (JGK)

       - against -                **MEMORANDUM**
                                                       **OPINION & ORDER**

COMCAST CABLE COMMUNICATIONS, LLC,
                     Defendant.

--------------------------------------------------

**JOHN G. KOELTL, District Judge:**

     The plaintiff, Nexstar Media Inc. ("Nexstar"), has filed objections to a discovery ruling by Magistrate Judge Aaron in an October 6, 2022 Order. ECF No. 154 (the "Order"). The defendant, Comcast Cable Communications, LLC ("Comcast"), had moved for the Magistrate Judge to compel the production of several categories of documents concerning Nexstar's relationships with Mission Broadcasting Inc. ("Mission") and the television station WPIX. In the Order, the Magistrate Judge concluded that these documents "are relevant to Comcast's claims (including its counterclaim and third-party claim) and defenses," but that certain of the document requests were overbroad. Order at 1. The Magistrate Judge therefore ordered the parties to meet and confer to "appropriately narrow the scope of the overbroad requests." Id. Nexstar now objects to the Magistrate Judge's Order pursuant to Federal Rule of Civil Procedure 72, arguing that the Magistrate Judge erred in finding that Comcast's

document requests are relevant. For the following reasons, the objections are **overruled.**

I.

When considering objections to an order issued by a Magistrate Judge concerning discovery-related matters, the Court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 636(b)(1)(A); Lastra v. City of New York, No. 16-cv-3088, 2020 WL 5596100, at *1 (S.D.N.Y. Sept. 18, 2020). An order is "clearly erroneous" only when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Surles v. Air France, 210 F. Supp. 2d 501, 502 (S.D.N.Y. 2002). An order is "contrary to law" when it "fails to apply or misapplies relevant statutes, case law or rules of procedure." Id.[1]

"Under this highly deferential standard, magistrate judges are afforded broad discretion in resolving nondispositive disputes," including discovery disputes, and "reversal is appropriate only if their discretion is abused." Williams v. Rosenblatt Sec., Inc., 236 F. Supp. 3d 802, 803 (S.D.N.Y. 2017). "The party seeking to overturn a magistrate judge's decision

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.

2

thus carries a heavy burden." U2 Home Ent., Inc. v. Hong Wei Int'l Trading Inc., No. 04-cv-6189, 2007 WL 2327068, at *1 (S.D.N.Y. Aug. 13, 2007).

## II.

Nexstar has not met its heavy burden to show that the Magistrate Judge's Order was clearly erroneous or contrary to law. The Magistrate Judge reasonably found that documents concerning Nexstar's relationships with Mission and WPIX are relevant to Comcast's claims and defenses, including Comcast's "de facto control" defense to Nexstar's breach of contract claim, as well as Comcast's tortious interference counterclaim. The Magistrate Judge also concluded, however, that certain of Comcast's requests for these documents were overbroad, and therefore the Magistrate Judge ordered the parties to meet and confer to narrow the scope of the requests. In making these determinations, the Magistrate Judge appropriately balanced the factors in Rule 26(b)(1) of the Federal Rules of Civil Procedure and acted well within his "broad discretion to manage discovery disputes." Walker v. Carter, No. 12-cv-5384, 2016 WL 6820554, at *2 (S.D.N.Y. Feb. 4, 2016).

Nexstar argues that the requested documents are not relevant to Comcast's de facto control defense because this Court "already considered and rejected" the de facto control defense in a bench ruling on May 2, 2022. Pl.'s Obj., ECF No.

3

158, at 6; see also ECF Nos. 46, 49. But this is not so. Comcast had moved to stay or dismiss this action under the doctrine of "primary jurisdiction" pending the resolution of a related petition filed by Comcast to the Federal Communications Commission ("FCC"). See, e.g., Nat'l Commc'ns Ass'n, Inc. v. Am. Tel. & Tel. Co., 46 F.3d 220, 222-23 (2d Cir. 1995). In the May 2 ruling, the Court denied Comcast's motion, concluding instead that this action could proceed alongside the FCC action. ECF No. 49, at 21. The May 2 ruling did not address the merits of Comcast's breach of contract defenses, and it did not rule on the scope of discovery. That ruling therefore did not bar the Magistrate Judge from concluding that documents concerning Nexstar's relationships with Mission and WPIX are relevant to the claims and defenses in this case.

Nexstar also argues that Comcast's document requests are not relevant to Comcast's tortious interference counterclaim. Nexstar contends that inquiry into its control of Mission and WPIX ultimately cannot help Comcast demonstrate that "Nexstar specifically intended to induce Mission's alleged breach" of the Comcast-Mission Agreement. Pl.'s Obj., ECF No. 158, at 10. Comcast responds that Nexstar's alleged goal of consolidating de facto control of WPIX makes it more probable that Nexstar intended to interfere with the Comcast-Mission Agreement and had the ability and opportunity to do so successfully. At this

4

point, the only question is whether the Magistrate Judge erred in authorizing discovery into these issues. Given Magistrate Judges' broad discretion in handling discovery disputes and the "relatively low bar of relevance" imposed by Rule 401, United States v. Ray, 585 F. Supp. 3d 445, 459 (S.D.N.Y. 2022); Fed. R. Evid. 401, plainly there was no abuse of discretion.

Finally, Nexstar threatens to seek to move to stay any discovery on Comcast's tortious interference counterclaim if it does not get its way blocking any discovery relevant to the counterclaim. The Court is confident that the Magistrate Judge can manage any issues with respect to the timing of discovery.

## CONCLUSION

The Court has considered all of the parties' arguments. To the extent not specifically addressed above, the arguments are either moot or without merit. Nexstar's objections to the Magistrate Judge's October 6, 2022 Order are **overruled**. The Clerk is directed to close ECF No. 158.

**SO ORDERED.**

Dated:  New York, New York
        November 19, 2022

                                        John G. Koeltl
                                        United States District Judge